CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EMILIO MELCHOR RUIZ, GRACIELA
HERNANDEZ LOPEZ, LETICIA LUIS
ANTONIO, and PABLO MORALES,
*individually and on behalf of others similarly
situated,*

                                  *Plaintiffs*,

         -against-

EISEN & SON, INC. (D/B/A LASAGNA
CHELSEA RESTAURANT) and VADIM
HONIG,

                            *Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Emilio Melchor Ruiz, Graciela Hernandez Lopez, Leticia Luis Antonio, and

Pablo Morales, individually and on behalf of others similarly situated (collectively, "Plaintiffs"),

by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against

Eisen & Son, Inc. (d/b/a Lasagna Chelsea Restaurant), ("Defendant Corporation") and Vadim

Honig, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

      1.    Plaintiffs are former employees of Defendants Eisen & Son, Inc. (d/b/a Lasagna

Chelsea Restaurant) and Vadim Honig.

2.      Defendants owned, operated, or controlled an Italian and Mediterranean restaurant, located at 196 8th Ave, New York, NY, United States, 10011, under the name "Lasagna Chelsea Restaurant".

3.      Upon information and belief, individual Defendant Vadim Honig, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as chefs, dish washers, and food preparers at the restaurant located at 196 8th Ave, New York, NY, United States, 10011.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Furthermore, Defendants failed to pay Plaintiffs wages on a timely basis.

9.      In this regard, Defendants have failed to provide timely wages to Plaintiffs. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian and Mediterranean restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

15.      Plaintiff Emilio Melchor Ruiz ("Plaintiff Melchor" or "Mr. Melchor") is an adult individual residing in Queens County, New York.

- 3 -

16.    Plaintiff Melchor was employed by Defendants at Lasagna Chelsea Restaurant from approximately 2015 until on or about May 6, 2022.

17.    Plaintiff Graciela Hernandez Lopez ("Plaintiff Hernandez" or "Ms. Hernandez") is an adult individual residing in Queens County, New York.

18.    Plaintiff Hernandez was employed by Defendants at Lasagna Chelsea Restaurant from approximately May 1, 2021 until on or about March 26, 2022.

19.    Plaintiff Leticia Luis Antonio ("Plaintiff Luis" or "Ms. Luis") is an adult individual residing in Queens County, New York.

20.    Plaintiff Luis was employed by Defendants at Lasagna Chelsea Restaurant from approximately September 15, 2021 until on or about May 6, 2022.

21.    Plaintiff Pablo Morales ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Queens County, New York.

22.    Plaintiff Morales was employed by Defendants at Lasagna Chelsea Restaurant from approximately 2005 until on or about May 7th, 2022.

*Defendants*

23.    At all relevant times, Defendants own, operate, or control an Italian and Mediterranean restaurant, located at 196 8th Ave, New York, NY, United States, 10011, under the name "Lasagna Chelsea Restaurant".

24.    Upon information and belief, Eisen & Son, Inc. (d/b/a Lasagna Chelsea Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 196 8th Ave, New York, NY, United States, 10011.

25.     Defendant Vadim Honig is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vadim Honig is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Vadim Honig possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

26.     Defendants operate an Italian and Mediterranean restaurant located in the Chelsea section of Manhattan in New York City.

27.     Individual Defendant, Vadim Honig, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Vadim Honig operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.     In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.     Plaintiffs are former employees of Defendants who were employed as chefs, dish washers, and food preparers.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Emilio Melchor Ruiz*

38.     Plaintiff Melchor was employed by Defendants from approximately 2015 until on or about May 6, 2022.

39.     Throughout his employment, Defendants employed Plaintiff Melchor as a dishwasher, food preparer, and chef's assistant.

40.     Plaintiff Melchor regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Melchor's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Melchor regularly worked in excess of 40 hours per week.

43.     From approximately October 2016 until on or about December 28, 2019, Plaintiff Melchor worked from approximately 11:00 a.m. until on or about 10:00 p.m., Wednesdays and Fridays, from approximately 12:00 p.m. until on or about 10:00 p.m., Thursdays, and from approximately 11:00 a.m. until on or about 11:00 p.m., Saturdays and Sundays (typically 56 hours per week).

44.     From approximately January 2022 until on or about May 6, 2022, Plaintiff Melchor worked from approximately 9:00 a.m. until on or about 10:00 p.m., Mondays and Sundays, from approximately 4:00 p.m. until on or about 10:00 p.m. to 10:30 p.m., Thursdays, from approximately 3:00 p.m. until on or about 10:30 p.m., Fridays, and from approximately 9:00 a.m. until on or about 10:00 p.m. to 11:00 p.m., Saturdays (typically 76.5 to 78 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Melchor his wages by check.

46.     From approximately October 2016 until on or about December 2019, Defendants paid Plaintiff Melchor a fixed salary of approximately $572 per week.

47.     From approximately January 2022 until on or about March 2022, Defendants paid Plaintiff Melchor a fixed salary of approximately $750 per week.

48.     For approximately the month of April 2022, Defendants paid Plaintiff Melchor a fixed salary of approximately $645 per week.

49.     For approximately the month of May 2022, Defendants paid Plaintiff Melchor a fixed salary of approximately $750 per week.

50.     For approximately his last two weeks of employment, Defendants did not pay Plaintiff Melchor any wages for his work.

51.     Defendants never granted Plaintiff Melchor any breaks or meal periods of any kind.

52.     On a number of occasions, Defendants required Plaintiff Melchor to sign a document in English, the contents of which he was not allowed to review in detail nor did he understand, in order to release his weekly pay.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Melchor regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Melchor an accurate statement of wages, as required by NYLL 195(3).

55.     In fact, upon information and belief, Defendants adjusted Plaintiff Melchor's paystubs so that they reflected inaccurate wages and hours worked.

56.     Defendants did not give any notice to Plaintiff Melchor of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Graciela Hernandez Lopez*

57.     Plaintiff Hernandez was employed by Defendants from approximately May 1, 2021 until on or about March 26, 2022.

58.     Defendants employed Plaintiff Hernandez as a dishwasher and a food preparer.

59.     Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

60.     Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

61.     Throughout her employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

62.     From approximately May 1, 2021, until on or about July 31, 2021, Plaintiff Hernandez worked from approximately 10:00 a.m. until on or about 11:00 p.m., 7 days a week (typically 91 hours per week).

63.     From approximately August 2021 until on or about December 15, 2021, Plaintiff Hernandez worked from approximately 10:00 a.m. until on or about 11:00 p.m., 5 days a week (typically 65 hours a week).

64.     From approximately December 16, 2021, until on or about March 26, 2022, Plaintiff Hernandez worked from approximately 3:00 p.m. to 4:00 p.m. until on or about 11:00 p.m., 4 days a week (typically 40 to 44 hours a week).

65.     Throughout her employment, Defendants paid Plaintiff Hernandez her wages in a combination of check and cash. Upon information and belief, Defendants paid Plaintiff Hernandez 40 hours of work in check and the remaining overtime hours in cash at the regular rate.

66.     From approximately May 1, 2021, until on or about March 26, 2022, Defendants paid Plaintiff Hernandez $16.00 per hour.

67.     Defendants never granted Plaintiff Hernandez any breaks or meal periods of any kind.

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

70.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Leticia Luis Antonio*

71.     Plaintiff Luis was employed by Defendants from approximately September 15, 2021, until on or about May 6, 2022.

72.     Defendants employed Plaintiff Luis as a dishwasher and a food preparer.

73.     Plaintiff Luis regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

74.     Plaintiff Luis's work duties required neither discretion nor independent judgment.

75.     Throughout her employment with Defendants, Plaintiff Luis regularly worked in excess of 40 hours per week.

76.     From approximately September 15, 2021, until on or about November 2021, Plaintiff Luis worked at the 8th avenue location from approximately 3:00 p.m. until on or about 11:00 p.m. to 12:30 a.m., Mondays through Wednesdays, from approximately 11:00 a.m. until on or about 11:00 p.m., Thursdays, and from approximately 4:00 p.m. until on or about 11:00 p.m., Saturdays (typically 43 to 47.5 hours per week).

77.     From approximately December 2021 until on or about January 2022, Plaintiff Luis worked at the Huntington location from approximately 9:00 a.m. until on or about 11:00 p.m., Mondays through Thursdays, from approximately 2:00 p.m. until on or about 11:00 p.m., Fridays, and from approximately 4:00 p.m. until on or about 11:00 p.m., Saturdays (typically 72 hours per week).

78.     From approximately February 2022 until on or about May 6, 2022, Plaintiff Luis worked at the 8th avenue location from approximately 9:00 a.m. until on or about 11:00 p.m., Mondays through Wednesdays, from approximately 2:00 p.m. until on or about 11:00 p.m., Fridays, and from approximately 4:00 p.m. until on or about 11:00 p.m., Saturdays (typically 58 hours per week).

79.    Throughout her employment, Defendants paid Plaintiff Luis her wages in a combination of check and cash. Upon information and belief, Defendants paid Plaintiff Luis 40 hours of work in check and the remaining overtime hours in cash at the regular rate.

80.    From approximately September 2021 until on or about March 2022, Defendants paid Plaintiff Luis $15.00 per hour.

81.    From approximately April 2022 until on or about May 6, 2022, Defendants paid Plaintiff Luis $16.00 per hour.

82.    For approximately 3 days of training and approximately her last 2 weeks of work, Defendants did not pay Plaintiff Luis any wages for her work.

83.    Defendants never granted Plaintiff Luis any breaks or meal periods of any kind.

84.    Although Plaintiff Luis was required to keep track of her time, Defendants required her to record fewer hours than she actually worked so that her timecard only reflected 40 hours of work per week. As a result, Plaintiff Luis was not compensated for all of the hours that she worked.

85.    On a number of occasions, Defendants required Plaintiff Luis to sign a document in English, the contents of which she was not allowed to review in detail nor could she understand, in order to release her weekly pay.

86.    In addition, in order to get paid, Plaintiff Luis was required to sign a document in which Defendants misrepresented the hours that she worked per week to reflect maximum 40 hours of work per week.

87.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Luis regarding overtime and wages under the FLSA and NYLL.

88.    Defendants did not provide Plaintiff Luis an accurate statement of wages, as required by NYLL 195(3).

89.     In fact, upon information and belief, Defendants adjusted Plaintiff Luis's paystubs so that they reflected inaccurate wages and hours worked.

90.     Defendants did not give any notice to Plaintiff Luis, in English and in Spanish (Plaintiff Luis's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Pablo Morales*

91.     Plaintiff Morales was employed by Defendants from approximately 2005 until on or about May 7th, 2022.

92.     Throughout his employment, Defendants employed Plaintiff Morales as a dishwasher, food preparer, general cleaner, and eventually chef.

93.     Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

94.     Plaintiff Morales's work duties required neither discretion nor independent judgment.

95.     Throughout his employment with Defendants, Plaintiff Morales regularly worked in excess of 40 hours per week.

96.     From approximately 2016 until on or about February 2020, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 11:00 p.m. to 11:30 p.m., 6 days a week (typically 72 to 75 hours per week).

97.     From approximately March 2020 until on or about June 2020, Plaintiff Morales worked from approximately 12:00 p.m. until on or about 10:00 p.m. to 11:30 p.m., 7 days a week (typically 60 to 63 hours per week).

98.     From approximately July 2020 until on or about March 2021, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 11:00 p.m. to 11:30 p.m., 6 days a week (typically 72 to 75 hours a week).

99.     From approximately April 2021 until on or about May 7, 2022, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 11:00 p.m. to 11:30 p.m., 5 days a week (typically 60 to 62.50 hours per week).

100.    Throughout his employment, Defendants paid Plaintiff Morales his wages by check.

101.    However, the checks inaccurately reflect Plaintiff Morales working a maximum of 40 hours per week.

102.    From approximately October 2016 until on or about January 2020, Defendants paid Plaintiff Morales a fixed salary of approximately $450 a week.

103.    From approximately February 2020 until on or about May 7, 2022 , Defendants paid Plaintiff Morales a fixed salary of approximately $800 to $1,400 per week.

104.    For approximately two days, Defendants did not pay Plaintiff Morales any wages for his work.

105.    Plaintiff Morales's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

106.    For example, Defendants required Plaintiff Morales to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

107.    Defendants never granted Plaintiff Morales any breaks or meal periods of any kind.

108.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Morales regarding overtime and wages under the FLSA and NYLL.

109.    Defendants did not provide Plaintiff Morales an accurate statement of wages, as required by NYLL 195(3).

110.    In fact, upon information and belief, Defendants adjusted Plaintiff Morales's paystubs so that they reflected inaccurate wages and hours worked.

111.    In addition, Plaintiff Morales is owed one day of work for which he remains unpaid.

112.    Defendants did not give any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

113.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

114.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

115.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

116.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

117.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Melchor worked.

118.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

119.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail. Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiffs their wages in check.

120.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

121.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

122.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

123.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

124.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

125.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

126.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

127.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

128.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

129.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

131.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

132.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

133.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

134.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

135.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

136.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

138.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

139.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

140.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

142.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

143.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

144.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

145.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

147.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

148.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

149.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

151.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

152.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

153.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

154.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

155.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

156.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

157.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

158.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

159.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

160.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular

hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

161.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

162.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

163.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

164.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)      Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(m)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(n)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(o)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(p)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(s)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 12, 2022

CSM LEGAL, P.C

By:  _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

June 1, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Graciela Hernandez Lope

Legal Representative / Abogado:         CSM Legal, P

Signature / Firma:

Date / Fecha:                           6 de Junio 2022

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

May 31, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Emilio Melchor Luis

Legal Representative / Abogado:      CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      31 de mayo 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

August 26, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Leticia Luis Antonio

Legal Representative / Abogado:         CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                           26 de agosto 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

May 11, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Pablo Morales

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      11 de mayo 2022

*Certified as a minority-owned business in the State of New York*